USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITIAN NEW YORK,

Petitioners,

-against-

MRJ INTERIORS LLC,

Respondent.

26-CV-07367 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

On August 28, 2026, Petitioners filed a Petition to Confirm Arbitration Award (the "Petition") to confirm an arbitration award dated July 23, 2026 (the "Award"). Dkt. No. 1. On September 1, 2026, the Court set a briefing schedule for Petitioners' submission of any additional materials in support of the Petition, Respondent's opposition, and Petitioner's reply. Dkt. No. 9. Petitioners served Respondent with the Petition, supporting materials, and the Court's September 1 Order. Dkt. Nos. 8, 10. Pursuant to the briefing schedule, Respondent's opposition was due no later than October 22, 2026. Dkt. No. 9. To date, Respondent has neither appeared in this action, nor responded to the Petition, nor otherwise sought relief from the Award. Petitioners have therefore requested that the Petition be reviewed as an unopposed motion to confirm the Award. Dkt. No. 12.

The Court must treat the Petition, even though unopposed, "as akin to a motion for summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Constr. Corp.*, 11-CV-01715 (JMF), 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013) (discussing in depth the legal standards for resolving unopposed petitions to confirm arbitration awards). After reviewing the Petition and the supporting materials, the Court finds that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* at *3 (internal quotation marks omitted). Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the Award.

Accordingly, the Court GRANTS Petitioners' unopposed Petition to confirm the Award. Judgment is entered in favor of Petitioners and against Respondent as follows:

1. The July 23, 2026 Award is confirmed in all respects;

2. Respondent is ordered to pay Petitioners a total of $3,906.59, plus interest at the annual rate of 8.75% from July 23, 2026 through the date of this Judgment, pursuant to the terms of the Award;

3. Respondent is further ordered to pay Petitioners $1,382.70 in attorneys' fees and $558.75 in costs arising out of this action; and

4. Respondent is further ordered to pay Petitioners post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961(a).

The Clerk of Court is respectfully directed to enter judgment as set forth above and CLOSE this case.

Dated: November 19, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge